Lyon, special J.,
delivered the opinion of the court.
This cause was transferred by change of venue from Washington to Johnson county, to try an issue of devisavit vel non. On the trial of the cause, the plaintiff below offered to read to the jury the depositions of Robert G. Hale, Sarah Hale and Elizabeth Jane Hale, subscribing witnesses to the paper propounded as the last will and testament of Loyd Ford, deceased. To the reading of these depositions, the defendants ob *90 jected, on the ground that the witnesses were then personally present, having been summoned by the defendants, and had been sworn and sent out with the other witnesses in the cause. The objection was overruled by the presiding judge, and the depositions were read to the jury, to which the defendants excepted and tendered their bill of exceptions.
In the further progress of the trial and when the deposition of the witness Robert G. Hale had been read, at the close of his examination in chief, and before the cross-examination in his deposition commenced, the defendant below proposed to introduce this witness and substitute his cross-examination in open court for the cross-examination in the deposition, and the court was asked to give an opinion as to the effect of the introduction of the witness by the defendants — whether in fact he thereby became their witness. The court decided to allow the witness to be introduced at this stage of the proceedings but declined to give any opinion on the point requested. The defendants declined to introduce the witness, and excepted to the action of the court in refusing to give the instructions requested.
The jury found a verdict that the paper propounded for probate is the last will and testament of Loyd Ford, deceased, and the court refusing to set aside this verdict and grant a new trial, the defendants appealed in error to this court.
The questions now raised by the record for the determination of this court, are;
1. Did the Circuit Court err in admitting these depositions to go to the jury, the deponents having been summoned by the adverse party and being in attendance ?
The witnesses at the time their depositions were taken, resided in Washington county, and it is admitted, there is no irregularity in the depositions or in the manner of taking them. But it is insisted that the proviso to the 3d section of the act of 1817, ch. 189, Scott’s R., p. 440, authorizing the *91 adverse party if he should "wish the deponent to be examined in open court, to have him subpoenaed, it was manifestly the intention of the law that the depositions in such cases should not be read, and that the witness must be examined in open court, and that any other construction of the act would be unmeaning and insensible, inasmuch as it gives a right to the adverse party which he already possessed. We do not think so. There is nothing in the terms of the act or the proviso excluding depositions taken in such cases, and by recurring to the 1st section of this act, the meaning of the proviso to the 3d section is obvious. The 1st section provides for taking the depositions of the Governor of the State, Judges of the Courts, and other officers therein named, whose depositions, when taken, should be read as if the deponent were dead or out of the State. Both the preamble to this act and the words of the first section, indicate clearly, that it was the intention of the Legislature to excuse the officers therein named from the obligation of obeying a subponse, inasmuch as the proper discharge of the duties of their respective offices would be wholly inconsistent with an obligation to attend in person the various courts of the country as witnesses. ■ And it was manifest, either that the duties of their offices would be neglected, or there would be a failure of justice. Now as the third section provides, that the deposition of a witness residing out of the limits of the county, where the suit is pending, was to be read in the same manner as depositions taken under the first section, the proviso was simply intended to exclude the conclusion which attaches to depositions of witnesses taken under the first section. We are therefore of opinion, that the depositions were properly admitted in this case. The proviso to this section was intended for the benefit of the adverse party, of which he may avail himself if he chooses, by an examination in open court.
We do not perceive that any inconvenience can arise from *92 this construction of the act. The difficulty in this case, has manifestly grown out of the uncertainty in the minds of counsel as to the relation the witness would occupy to the party who summoned him. If this point were raised by the record, we should be inclined to hold that the relation of the witness to the parties was not at all changed thereby, and that he does not become the witness of the party summoning him in such cases, but would in fact, be subject to cross-examination.
2. The Circuit Court was clearly correct in declining to give in advance, any opinion as to the effect of the introduction of the witnesses by the defendants. Inconveniences would manifestly spring from such a practice. If the Circuit Judges were required to give opinions upon abstract propositions which might be submitted to them in the progress of a trial, it would be equally the duty of this court to revise and correct such opinions, and we can readily see, that causes might be frequently brought here by appeal or writ or error upon points which in fact were not involved in the court below.
There is no error in the record, and the judgment must be affirmed.